IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WP COMPANY LLC**<br>**d/b/a THE WASHINGTON POST,**<br><br>    1301 K Street, N.W.<br>    Washington, D.C. 20071<br><br>    **Plaintiff,**<br><br>        v.<br><br>**DEFENSE COUNTERINTELLIGENCE AND**<br>**SECURITY AGENCY,**<br><br>        27130 Telegraph Road<br>        Quantico, VA 22134<br><br>    **Defendant.** | Case No. 1:23-cv-3333 |

## COMPLAINT

Plaintiff WP Company, LLC d/b/a *The Washington Post* ("the *Post*"), by its undersigned counsel, alleges as follows:

## INTRODUCTION

1. Earlier this year, images of a trove of classified documents began circulating publicly online, including details about some of this nation's most closely guarded secrets, such as information obtained from sources within friendly governments, details about the military capabilities of both Russian and Ukrainian forces, and Taiwan's perceived vulnerabilities to a Chinese military assault.

2. To further its in-depth reporting on this breach of national security, the *Post* filed a Freedom of Information Act request with the Defense Department agency that conducts background checks for security clearances, seeking records that could show if there were failures in the investigation of the 21-year-old enlisted airman now charged in connection with the leak.

3. The *Post* brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive and other appropriate relief. Through FOIA, the *Post* sought records from the Defense Counterintelligence and Security Agency ("DCSA") regarding the background check process for the leak suspect, Airman First Class Jack Teixeira.

4. In violation of FOIA, the DCSA has refused to release the requested records and has failed to provide a determination of the *Post*'s administrative appeal within the statutory deadline.

## PARTIES

5. Plaintiff, the *Post*, is a news organization based in Washington, D.C. It publishes the leading daily newspaper, by print circulation, in the Nation's Capital, as well as the website washingtonpost.com, which reaches more than 65 million unique visitors per month, according to independent auditor comScore. Since 1936, the *Post* has won 73 Pulitzer Prizes.

6. Defendant, DCSA, is a component of the U.S. Department of Defense that, among other duties, provides background investigations as part of the process for awarding security clearances for members of the military and other government employees whose job duties require access to classified information. *See* www.dcsa.mil.

## JURISDICTION AND VENUE

7. This action arises under FOIA. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) & (a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8. Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

**FACTUAL ALLEGATIONS**

9. On April 13, 2023, federal agents arrested 21-year-old Airman First Class Jack Teixeira on charges that he had shared hundreds of pages of classified documents and information with his friends on the social media platform Discord.[1] Teixeira, a member of the Massachusetts Air National Guard, had access to the classified materials through his work on active duty as an IT professional for the 102nd Intelligence Wing at Otis Air National Guard Base.[2]

10. Some of the leaked materials eventually emerged from the private Discord chat group Teixeira administered and spread on other online platforms.[3] Secrets revealed included information about the war in Ukraine and specifics of how the United States spies on allies.[4]

11. Teixeira has been charged in the U.S. District Court for the District of Massachusetts with six counts of illegal retention and transmission of national defense information, to which he has pleaded not guilty.[5]

---

[1] *See* Devlin Barrett and Shane Harris, *Leak suspect indicted on new counts of mishandling classified material*, WASH. POST (June 15, 2023), https://www.washingtonpost.com/national-security/2023/06/15/jack-teixeira-indicted-discord-leaks/.

[2] *See* Dan Lamonthe, Evan Hill, Alex Horton & Missy Ryan, *He's from a military family – and allegedly leaked U.S. secrets*, WASH. POST (April 14, 2023), https://www.washingtonpost.com/national-security/2023/04/13/jack-teixeira-discord-document-leak/?itid=lk_inline_manual_15.

[3] *Id.*

[4] *Id.*

[5] Mariya Manzhos and Devlin Barrett, *Suspect in Discord leaks pleads not guilty to new charges*, WASH. POST (June 21, 2023), https://www.washingtonpost.com/national-security/2023/06/21/jack-teixiera-discord-leak-pleads-not-guilty/.

12. The criminal prosecution of Teixeira is an issue of immense public interest that has drawn extensive news coverage.[6] Information made public in the course of Teixeira's prosecution has raised serious questions about why his background check cleared Teixeira for access to classified information. For example, prosecutors stated in opposing pretrial release that Teixeira had been suspended from high school in 2018 after "a classmate overheard him make remarks about weapons, including Molotov cocktails, guns at the school, and racial threats."[7] Less than a year later, Teixeira's application for a firearms identification card "was denied due to the concerns of the local police department over [Teixeira's] remarks at his high school."[8]

**The Request**

13. On August 8, 2023, *Post* national security reporter Alex Horton filed a FOIA request with DCSA (the "Request"), a true and correct copy of which is attached hereto as Exhibit A. The Request sought expedited processing for release of the following public records:

> a. All records relating to or mentioning the background investigation for the security clearance of [Massachusetts Air National Guard] Airman First Class Jack Teixeira.

---

[6] *E.g.*, Shane Harris and Devlin Barrett, *U.S. intelligence agencies reviewing evidence in Discord leak case*, WASH. POST (July 24, 2023), https://www.washingtonpost.com/national-security/2023/07/24/jack-teixeira-evidence-discord-leaks/; Alex Horton, *Pentagon to tighten classified intelligence controls after Discord leak*, WASH. POST (July 5, 2023), https://www.washingtonpost.com/national-security/2023/07/05/discord-leaks-pentagon-review/; Dan Rosenzweig-Ziff, *Why a 21-year-old had a top-secret security clearance*, WASH. POST (April 15, 2023), https://www.washingtonpost.com/national-security/2023/04/16/classified-documents-leaked-security-clearance/.

[7] Gov't's Supp'l. Mot. in Support of Pretrial Detention at 5, *United States v. Teixeira* (D. Mass. filed April 26, 2023), available at https://storage.courtlistener.com/recap/gov.uscourts.mad.258389/gov.uscourts.mad.258389.19.0.pdf.

[8] *Id.*

      b. Any records relating to or mentioning . . . the adjudication of Airman First Class Jack Teixeira's security clearance.

      c. Any records relating to Airman First Class Jack Teixeira that contain the name of the company that conducted investigation(s) and/or adjudication(s) of Airman First Class Jack Teixeira's security clearance and/or that contain the name of the investigator that conducted investigation(s) and/or (adjudications) of Airman First Class Jack Teixeira's security clearance.

Ex. A at 1.

14. The Request noted the strong public interest in these records to inform the "ongoing public debate over whether the U.S. government is properly vetting personnel to have access to top secret information, and if failures within the system are a threat to U.S. national security, following the appearance that clearance background investigators failed to find or disclose potentially disqualifying information about Teixeira." *Id.* at 2. The Request also noted that "there are credible claims, including by Rep. Jim Himes and other lawmakers, that aspects of the government's activity in failing to properly vet Teixeira for a security clearance [are] improper." *Id.*

15. On September 14, 2023, Supervisory Government Information Specialist Christina F. Bianco responded to the Request (the "Response"), stating that DCSA's search located 109 pages of records responsive to the Request, which had been assigned tracking number DCSA-B 23-10987. A true and correct copy of the Response is attached hereto as Exhibit B. Ms. Bianco stated that DCSA was withholding all of the records in full pursuant to FOIA Exemptions 6 and 7(C) (5 U.S.C. § 552 (b) 6 and (b) 7(C)). Ex. B at 1.

16. Ms. Bianco asserted that the responsive records are being withheld pursuant to Exemptions 6 and 7(C) because "there is a substantial privacy interest in the requested information" and the documents are "inherently related to law enforcement." *Id.* Ms. Bianco stated that the responsive records "contain[] information on and references to individuals

5

interviewed as investigative sources whose link to the official inquiry may be the result of 'mere happenstance' or the identities of law enforcement personnel who perform clerical or administrative duties," and also "contain information that is 'practically obscure.'" *Id.*

17. Ms. Bianco further asserted that DCSA balanced the interests involved, considering the foreseeable harm standard, and "determined that the asserted public interest does not outweigh the substantial privacy interest in this case because the requested information does not shed enough light on the agency's conduct to overcome the subject's privacy interest in their records." *Id.* at 2.

18. The *Post* administratively appealed the rejection of the Request through undersigned counsel on September 21, 2023 (the "Administrative Appeal"). A true and correct copy of the Administrative Appeal is attached hereto as Exhibit C.

19. On September 25, 2023, Government Information Specialist James Delmar responded on behalf of DCSA, acknowledging receipt of the Appeal Letter (the "Appeal Acknowledgement") and assigning it tracking number APP23-00032. A true and correct copy of the Appeal Acknowledgement is attached hereto as Exhibit D.

20. As of this filing, neither the *Post* nor undersigned counsel has received a determination of the administrative appeal.

## CLAIM FOR RELIEF

### COUNT I
**(Declaratory and Injunctive Relief:**
**Violation of the Freedom of Information Act, 5 U.S.C. § 552)**

21. DCSA is an agency subject to FOIA, 5 U.S.C. § 552(f), and therefore must disclose in response to a FOIA request all responsive records in its possession that are not

specifically exempt from disclosure under FOIA and must provide a lawful reason for withholding any records (or portions thereof) as to which they are claiming an exemption.

22. FOIA provides this Court with "jurisdiction to enjoin [DCSA] from withholding agency records and to order production of any agency records improperly withheld from [the *Post*]." 5 U.S.C. § 552(a)(4)(B).

23. The requested records are agency records in DCSA's control.

24. FOIA requires that, absent circumstances not present here, agencies must "make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal." 5 U.S.C. § 552(a)(6)(A)(ii).

25. That deadline expired on October 20, 2023. Because the *Post* has not received such a determination, DCSA has constructively denied the appeal.

26. There is no basis under FOIA to withhold, in whole or in part, the records the *Post* requested. DCSA's failure to comply with its statutory duties and timely disclose the records the *Post* seeks or to issue a determination of its administrative appeal are violations of FOIA.

27. The *Post* respectfully requests a declaratory judgment that DCSA has violated FOIA and that the *Post* is entitled to receive the requested records immediately.

28. The *Post* further respectfully requests that, pursuant to 5 U.S.C. § 552(a)(4)(B), this Court issue an injunction directing DCSA to produce all of the requested records in full.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

    A. Provide for expeditious proceedings in this action pursuant to 28 U.S.C. § 1657(a);

    B. Declare that DCSA's failure to provide responsive records and its failure to issue a determination of the *Post*'s administrative appeal are unlawful under FOIA;

    C. Enter an injunction that directs DCSA to make all requested records available to the *Post*, unredacted, and without further delay;

    D. Award the *Post* its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

    E. Grant such other and further relief as the Court may deem just and proper.

Dated: November 7, 2023

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Matthew E. Kelley (#1018126)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
kelleym@ballardspahr.com

*Counsel for Plaintiff WP Company LLC d/b/a The Washington Post*