UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WP COMPANY LLC, *Plaintiff*, v. DEFENSE COUNTERINTELLIGENCE AND SECURITY AGENCY, *Defendant*. | Civil Action No. 23-3333 (TJK) |

## ANSWER

Defendant the Defense Counterintelligence and Security Agency ("Defendant" or the "Agency"), by and through undersigned counsel, hereby answer Plaintiff's Complaint (ECF No. 1) in this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. All allegations in the Complaint, including the relief sought, are denied except when specifically admitted. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant respectfully refers this Court to those materials for a complete and accurate statement of their contents and denies any allegations inconsistent therewith; such referral is not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action.

In answer to the Complaint, Defendant admits, denies, or otherwise avers as follows:

## INTRODUCTION[1]

1. This paragraph contains Plaintiff's characterization of its lawsuit, to which no response is required. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

2. This paragraph contains Plaintiff's characterization of its lawsuit, to which no response is required. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

3. Defendant admits only that Plaintiff purports to bring this lawsuit pursuant to FOIA, which speaks for itself and is the best evidence of its contents. The remainder of this paragraph contains Plaintiff's characterization of its lawsuit, to which no response is required. To the extent the allegations seek to provide background facts in support of allegations of public

---

[1] Defendant includes the headings listed in the Complaint solely to assist in reading the pleadings and does not admit the accuracy of these headings.

interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

4. This paragraph contains legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations in this paragraph.

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. Denied.  Defendant avers that it is a component within the United States Department of Defense, and reports to the Under Secretary of Defense for Intelligence.  The Agency is the largest counterintelligence and security agency in the federal government and is responsible for providing personnel vetting, critical technology protection, counterintelligence, training, education, and certification.  The Agency has been entrusted to ensure the security of the national industrial base and the federal employee workforce by conducting 95% of all federal government background investigations, thereby supporting over 105 federal departments and agencies.  Furthermore, the Agency provides security support services to the United States Military, federal agencies, and thousands of government contractors.  On any given year, the Agency carries out over two million background investigations on civilian and military applicants, Federal employees, Government contractors, and consultants to Federal programs.

## JURISDICTION AND VENUE

7. This paragraph contains legal conclusions and Plaintiff's characterization of FOIA, to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over this matter subject to the terms and limitations of FOIA, respectfully refers the Court to 5 U.S.C. § 552, which speaks for itself, and denies any allegations in this paragraph inconsistent therewith.

8. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this district.

## FACTUAL ALLEGATIONS

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a Plaintiff refers to information contained in the documents linked in the footnotes, Defendant respectfully refers the Court to those documents for a complete and accurate statement of their contents and denies any allegations in this paragraph inconsistent therewith. To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a Plaintiff refers to information contained in the documents linked in the footnotes, Defendant respectfully refers the Court to those

documents for a complete and accurate statement of their contents and denies any allegations in this paragraph inconsistent therewith.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

   11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  To the extent a Plaintiff refers to information contained in the documents linked in the footnotes, Defendant respectfully refers the Court to those documents for a complete and accurate statement of their contents and denies any allegations in this paragraph inconsistent therewith.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

   12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  To the extent a Plaintiff refers to information contained in the documents linked in the footnotes, Defendant respectfully refers the Court to those documents for a complete and accurate statement of their contents and denies any allegations in

this paragraph inconsistent therewith.  To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

**The Request**

13. Defendant admits only that it received a FOIA request from Plaintiff on or about August 8, 2023 (the "FOIA Request").  The remainder of this paragraph consists of Plaintiff's characterization of the FOIA Request, to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to the FOIA Request for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

14. This paragraph consists of Plaintiff's characterization of the FOIA Request, to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to the FOIA Request for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

15. Defendant admits only that it responded to the FOIA Request in a letter dated September 14, 2023 (the "FOIA Response").  The remainder of this paragraph consists of Plaintiff's characterization of the FOIA Response, to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to the FOIA Response for a

complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

16. This paragraph consists of Plaintiff's characterization of the FOIA Response, to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to the FOIA Response for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

17. This paragraph consists of Plaintiff's characterization of the FOIA Response, to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to the FOIA Response for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

18. Defendant admits only that Plaintiff filed an administrative appeal to the FOIA Response on or about September 21, 2023 (the "FOIA Appeal").  The remainder of this paragraph consists of Plaintiff's characterization of the FOIA Appeal, to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to the FOIA Appeal for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith.

19. Defendant admits only that it acknowledged receipt of the FOIA Appeal in a letter dated September 25, 2023 (the "FOIA Appeal Response").  The remainder of this paragraph consists of Plaintiff's characterization of the FOIA Appeal Response, to which no response is required; to the extent a response is required, Defendant respectfully refers the Court to the FOIA Appeal Response for a complete and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith

20. Defendant admits only that it has not had any further communications with Plaintiff from September 25, 2023, to the date of this filing.

## COUNT I

21. This paragraph contains legal conclusions to which no response is required.

22. This paragraph contains legal conclusions to which no response is required.

23. This paragraph contains legal conclusions to which no response is required.

24. This paragraph contains legal conclusions to which no response is required.

25. This paragraph contains legal conclusions to which no response is required.

26. This paragraph contains legal conclusions to which no response is required.

27. This paragraph contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

28. This paragraph contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

The remaining unnumbered paragraph and its subparagraphs consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## **DEFENSES**

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses in this

Case 1:23-cv-03333-TJK   Document 9   Filed 12/14/23   Page 9 of 11

Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

### First Defense

Plaintiff is not entitled to the production of records protected from disclosure by one or more applicable FOIA exemptions, the release of which would foreseeably harm an interest that the exemption protects, or records protected from disclosure by one or more applicable FOIA exclusions.

### Second Defense

Plaintiff is not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

### Third Defense

The Court lacks subject matter jurisdiction over Plaintiff's request to the extent that any requested relief exceeds the relief authorized by the FOIA.

### Fourth Defense

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

### Fifth Defense

Plaintiff is not entitled to declaratory relief. 5 U.S.C. § 552(a)(4)(B).

### Sixth Defense

At all times alleged in the Complaint and relevant to this matter, Defendant acted in good faith, with justification, and pursuant to authority.

### Seventh Defense

Defendant is not improperly withholding any responsive records.

9

**Eighth Defense**

Defendant has exercised due diligence in processing the FOIA Request, and exceptional circumstances exist that necessitate additional time for Defendant to continue processing the requests.  *See* 5 U.S.C. § 552(a)(6)(C).

**Ninth Defense**

Plaintiff has failed to adequately describe the records sought in its FOIA Request.

**Tenth Defense**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

*          *          *

Dated: December 14, 2023
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar No. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:    /s/ Kartik N. Venguswamy
KARTIK N. VENGUSWAMY
D.C. Bar No. #983326
Assistant United States Attorney
601 D Street, NW
Washington, D.C. 20530
Tel: (202) 252-1790
kartik.venguswamy@usdoj.gov

*Attorneys for the United States of America*